789 F.2d 316
 122 L.R.R.M. (BNA) 2415, 1 Indiv.Empl.Rts.Cas. 918
 John BATTERTON, W. Stephen Minick, Linda D. Rapavi and G.
Stephen Stubbs, Plaintiffs-Appellants,
v.
TEXAS GENERAL LAND OFFICE and Garry Mauro, Individually and
in his official capacity as Commissioner of the
General Land Office, Defendants-Appellees.
 No. 84-1961.
 United States Court of Appeals,
Fifth Circuit.
 May 12, 1986.
 
 Connie Ode, Bunton, Nolan, Ode & Cooper, Margaret A. Cooper, Austin, Tex., for plaintiffs-appellants.
 F. Scott McCown, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Texas; James R. Nowlin, District Judge, Presiding.
 Before GEE, RUBIN and DAVIS, Circuit Judges.
 ON PETITION FOR REHEARING
 (Opinion March 3, 1986, 5th Cir.1986, 783 F.2d 1220)
 GEE, Circuit Judge:
 
 
 1
 As we noted in our opinion, the affidavits of three former chief clerks of the General Land Office agree that from 1940 to 1983 the consistent position of the Land Commissioners under whom they served was that Section 31.020 of the Texas Natural Resources Code and its predecessors empowered the Commissioner to discharge any employee at will. The statute was reinacted in 1977, incorporating that interpretation. Stanford v. Butler, 142 Tex. 692, 699, 181 S.W.2d 269, 273-74 (1944). A fact issue is made about how it was interpreted thereafter by the affidavit of Steven Minick, which asserts that from 1977 or 1978 a discharge for good cause only was the Commissioner's practice. That he chose to grant the employees, as a matter of grace and practice, more than the law gave them could not confer property rights upon them in the face of Texas law and provides no basis for a claim of entitlement under it. Wells v. Hico Independent School District, 736 F.2d 243 (5th Cir.1984), cert. dismissed --- U.S. ----, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985).
 
 
 2
 IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.
 
 ALVIN B. RUBIN, Circuit Judge, dissenting:
 
 3
 As the application for rehearing now makes clear to me, there is a genuine dispute of material fact in the evidence adduced on the summary judgment motion. I would, therefore, grant the motion for rehearing and remand for further proceedings.
 
 
 4
 Commissioner Armstrong was in office from 1971 to 1983. The affidavit of Jack Giberson states that, during this entire period, not only from 1971 to 1977 but continuing until 1983, Commissioner Armstrong followed a single interpretation of the statute that permitted him to discharge employees at will. If the Commissioner and his predecessors uniformly adopted this interpretation, Texas courts would hold that their interpretation had been approved by the legislature when the statute was reenacted in 1977, as the majority opinion correctly states.
 
 
 5
 The plaintiffs, however, filed an affidavit by Steven Minick that contradicts Giberson's affidavit as to the period from 1977 or 1978 to 1983. Minick states that during this period the policies and practices of the General Land Office required good cause for termination. Giberson's affidavit and Minick's cannot both be true. Minick's affidavit, therefore, creates a dispute regarding three factual issues: (1) what was the practice after 1977 when the termination took place? (2) if Giberson is correct in saying that the practice was uniform before and after 1977, does Minick's affidavit refute Giberson's version of the pre-1977 interpretation? and (3) did the Commissioner change his interpretation of the statute after 1977?
 
 
 6
 If, despite re-enactment of the statute, the Commissioner changed his mind and interpreted the statute differently, we may be required to defer to that new interpretation. Agency practice, once established is not frozen in perpetuity: "There is, of course, no rule of administrative stare decisis. Agencies frequently adopt one interpretation of a statute and then, years later, adopt a different view."[1]
 
 
 7
 The commissioner could not legally adopt an interpretation that was contrary to the legislature's intent or the statute's plain meaning. However, the statute at issue is undeniably ambiguous. The panel has fixed the statute's meaning as affording only employment at will, but it has done so on the basis of the legislature's implicit approval of the Commissioner's pre-1977 interpretation. Such unspoken legislative ratifications are a risky means of determining legislative intent.[2] Given the freedom typically allowed administrative agencies to change their interpretations over time, silent legislative re-enactment is not the sort of clear expression of legislative intent that would make illegal any later deviation in the Commissioner's interpretation. Therefore, even if the Commissioner did not establish a policy of just-cause termination until after 1977, a material issue of disputed fact remains regarding the Commissioner's policy at the time of the plaintiffs' termination.
 
 
 8
 For these reasons, I respectfully dissent from the refusal to grant rehearing.
 
 
 
 [1]
 Bankamerica Corp. v. United States, 462 U.S. 122, 103 S.Ct. 2266, 2281, 76 L.Ed.2d 456 (1983) (White, J. dissenting); see NLRB v. Weingarten, Inc., 420 U.S. 251, 265-66, 95 S.Ct. 959, 967-68, 43 L.Ed.2d 171 (1975); Western Coal Traffic League v. United States, 719 F.2d 772, 778 (5th Cir.1983) (en banc), cert. denied, 466 U.S. 953, 104 S.Ct. 2160, 80 L.Ed.2d 545. See also Toyota Motor Sales, U.S.A. Inc. v. United States, 585 F.Supp. 649, 662 (Ct. Int'l Trade 1984), aff'd 753 F.2d 1061 (Fed.Cir.1985); see generally 4 K. Davis, Administrative Law Treatise Sec. 20:11 (1983)
 
 
 [2]
 See, e.g., Mitchell v. C.I.R., 300 F.2d 533, 538 (4th Cir.1962); Thompson v. Clifford, 408 F.2d 154, 164-68 (D.C.Cir.1968)